IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12cv311-CSC |
| | ) (WO) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER | ) |
| OF SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec., 3*63 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  DISCUSSION

The plaintiff was 40 years old at the time of the hearing before the ALJ and has a 6th grade education.  (R. 44).  The plaintiff has no prior relevant work experience.  (R. 31).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "schizoaffective disorder, cannabis dependence, and personality disorder." (R. 23).[5] The ALJ concluded that the plaintiff's "mental impairments, including the substance use disorder, meet listings 12.03, 12.08, and 12.09."[6] (R.25). Nonetheless, the ALJ concluded that the plaintiff was not disabled because his substance abuse is a contributing factor material to the disability finding and that when the substance abuse is excluded, the plaintiff has the residual functional capacity to perform work.

The plaintiff's sole claim is that "the ALJ erred in finding [his] substance abuse is a contributing factor material to an otherwise favorable disability determination." (Doc. # 12 at 6). More particularly, the plaintiff argues that

> [t]he evidence as a whole does not suggest that [his] past substance use has caused or exacerbated his impairments. Moreover, although there is evidence in the record of [the plaintiff] receiving treatment for substance abuse, there is nothing to suggest that his use is related to his mental impairments. Similarly to *Bright-Jacobs*, at best, his impairments "simply co-existed at certain times." *Bright-Jacobs v. Barnhart*, 386 F. Supp. 2d 1295, 1351 (N.D. Ga. 2004). Additionally, just as in *Englert* [*v. Apfel*, 1999 WL 1289472, *9 (M.D. Fla. 1999) (NO. 97-1526-CIV-ORL-18C)], no treating physician or examining physician ever indicated that [the plaintiff] suffers from schizoaffective disorder and personality disorder as a result of substance use.

(*Id*. at 12).

---

[5] The ALJ also found that the plaintiff's back and neck pain were non-severe impairments, in part because the plaintiff had not sought any treatment for these conditions. (R. 23-24). The plaintiff does not challenge these findings.

[6] The Listing of Impairments categorize the plaintiff's mental impairments as follows. Listing 12.03 addresses Schizophrenic, Paranoid and Other Psychotic Disorders. Listing 12.08 addresses Personality Disorders and Listing 12.09 relates to Substance Addiction Disorders. 20 C.F.R. § Subpt P, App. 1, Listings 12.03, 12.08 and 12.09.

4

At first glance, the argument is appealing, but analysis shows that its major premise is incorrect, because the plaintiff relies on the incorrect standard of review. The question is not whether Watson's substance abuse causes, contributes or exacerbates his disability. The proper question for the court is whether substantial evidence supports the ALJ's conclusion that the plaintiff's substance abuse is a contributing factor material to his disability finding. In particular, the court must consider whether substantial evidence supports that ALJ's determination that the plaintiff's schizoaffective disorder and personality disorders would not be disabling if Watson ceased using marijuana.

First, the court will discuss how substance abuse is considered under the applicable law, and then the court will discuss this particular case. A claimant "shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub. L. No. 104-121, § 105(a)(1), (b)(1), 110 Stat. 847, 852, 853 (codified as amended at 42 U.S.C. § 423(d)(2)(C) (1997)). The regulations implementing § 423(d)(2)(C) provide that once the Commissioner determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the Commissioner then "must determine whether ... drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535. The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of a disability (the "materiality determination") is whether the claimant would still be found

5

disabled if he stopped using drugs or alcohol. *See* 20 C.F.R. § 404.1535(b)(1).

The ALJ is to determine which of the claimant's physical and mental limitations would remain if the claimant stopped using drugs or alcohol. Then the ALJ must determine whether any of the claimant's remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the ALJ determines that the remaining limitations would not be disabling, the ALJ must find that the claimant's "drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). However, if the ALJ determines that the remaining limitations would be disabling, the ALJ must conclude that the claimant is "disabled independent of [his or her] drug addiction or alcoholism and ... [his or her] drug addiction or alcoholism is not a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

The ALJ's approach in this case is wholly consistent with the law. She found the plaintiff disabled based on his mental impairments, including his substance use disorder. (R. 25). However, she also found he would no longer be disabled if he ceased using marijuana.

> After careful consideration of all the evidence, the undersigned finds that the claimant is credible concerning his allegations that he is disabled due to severe impairments when considered in combination with the cannabis abuse; however, his statements denying his use of marijuana are not fully credible. The record shows that the claimant is limited in his ability to perform activities of daily living, social functioning, and concentration, persistence or pace as a result of the mental impairments along with the substance abuse. The substance abuse contributes to the severity of the mental impairments because the claimant stopped taking his medication as prescribed in order to drink alcohol and smoke marijuana (Exhibit 6F). Moreover, the cannabis

6

>dependence contributes to the overall limitations, including paranoia, anger, agitation, and anxiety, caused by the schizoaffective disorder and personality disorder. Although the claimant testified that he does not use cannabis, the medical record repeatedly diagnoses him with cannabis dependence (Exhibit 6F). Additionally treatment notes show that he smokes marijuana and plans to smoke marijuana (Exhibit 6F).

(R. 26-27).

The ALJ concluded that if the plaintiff stopped using cannabis, his remaining limitations would not meet the listings, his functioning would improve, and he would be able to perform work. (R. 27-29). Substantial evidence in the record supports the ALJ's conclusion that substance use is a contributing factor material to a determination of disability in this case. Although Watson testified at the administrative hearing that he has not consumed alcohol for fifteen years, (R. 45), as recently as four months earlier, Watson reported in group therapy that he stopped taking his Depakote medication because "he wanted to drink." (R. 225). On January 4, 2010, his counselor noted that Watson "did not drink since New Year's Eve." (R. 225).

Watson also testified at the April 2010 hearing that he had not smoked marijuana in eight to ten months. (R. 45) However, treatment notes reflect that Watson continued to use cannabis. During his intake evaluation at Spectra Care on May 14, 2009, Watson reported that he had used marijuana one and one-half weeks earlier. (R. 256). He indicated that he wanted to stop using marijuana, (R. 247), but he was a daily user and he "loved it." (R. 256) According to Watson, marijuana "is not a drug God made it, it says so in the Bible." (*Id*.) At that time, Watson was diagnosed with schizoaffective disorder, cannabis dependence and

personality disorder, NOS. (R. 245). On August 17, 2009, Watson disclosed in group therapy that he was smoking marijuana "when someone brings it by and gives it to him." (R. 234). Watson is repeatedly diagnosed as cannabis dependent. (R. 221, 228, 245).

The medical evidence also demonstrates that when Watson takes his medication, he feels better. (R. 235, 236, 240, 242, 243). He is pleasant, talkative, and friendly and his affect is normal. (R. 243, 262, 263, ). When he stops taking his medication, he becomes opinionated, oppositional and defiant. (R. 224, 226, 227, 230, 231). He often stops taking his medication so that he can drink or smoke marijuana. (R. 225, 231). For example, on October 19, 2009, Watson reported that he had stopped taking his medication, but denied he was smoking marijuana. (R. 231). Watson stated that "he is waiting until 2012 when it will be legalized." (*Id*.) On January 4, 2010, Watson reported that "he had been taking Depakote and it was working but [he] had stopped when he wanted to drink." (R. 225). On February 1, 2010, Watson reported that he would like to smoke marijuana but he knew he was not supposed to, and he could not get it where he was living. (R. 224). Thus, Watson's medical records indicate a history of cannabis dependence.

After thoroughly reviewing the evidence, the ALJ concluded that if Watson stopped using cannabis, his difficulties in the areas of daily living, social functioning, and concentration, persistence or pace would improve. (R. 28). She acknowledged that Watson would have moderate restrictions but opined that he would no longer meet the Listings and he could perform work. (R. 29). She further opined that Watson's symptoms related to his

8

schizoaffective disorder and personality disorder improve when he is compliant with his medication, and thus, the medication is effective in controlling his symptoms when taken as directed. (R. 29-30). Watson's own treatment records support the ALJ's determination.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). The ALJ's findings meet the reasonableness standard.

### V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, as a matter of law, the plaintiff is not entitled to benefits and the decision of the Commissioner is due to be affirmed.

A separate order will be entered.

Done this 27th day of February, 2013.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE